*AMENDED*

Dillon
Assigned Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2021

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971**

Antonio LaShann Cruz

Plaintiff full name

57376-004

Inmate No.

**v.**

**CIVIL ACTION NO.** 7:20cv00695

Lieutenants M. Childers, J. Nichols, S. LaVale & Taylor, Officers J. Dickenson,        J. Price,        y M.

Defendant(s) full name(s)

Bledsoe, M. Vinzant, M. Gingerich, M. Stapleton, Robbins, Ledford,        Catron, Medical Personell Bowman &

Partner; Unit Team Staff R. Mullins (Unit Manager) &        ; Discip. Hearing Officer J. Brown.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A. Current facility and address: United States Penitentiary-Lee, 305 P.O. Box 305, Joneville, VA 24263

B. Where did this action take place? Joneville, VA.

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

____√____ Yes      _____ No

If your answer to A is Yes, answer the following:

1. Court: U.S. District Court (Roanoke Div.)

2. Case Number: 20-CV-00695

D. Have you filed any grievances regarding the facts of this complaint?

____√____ Yes      _____ No

1. If your answer is Yes, indicate the result:

I don't Know. Staff obstructed legal filing process and I did not recieved any receipt/reply. I have copies of submitted complaints.

2. If your answer is No, indicate why:

E.  Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

(See Annexed Amended Complaint (pages 1-7)

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

↑ Same as above-noted ↑

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Employment termination; prosecution of staff/defendant; Damages (money)

G.  If this case goes to trial do you request a trial by jury?   Yes __✓__   No _____

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court in writing of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 6/2/2021 .   SIGNATURE: _____

VERIFICATION:
I, Antonio Lashawn Cruz _____, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 6/2/2021 _____   SIGNATURE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Antonio-LaShawn Cruz, pro se,
        Plaintiff

v.

Lieutenants J. Nichols, M. Childers, S. LaVale &
Officers J. Dickenson, N. Bledsoe,
J. Price, M. Gingerich, Ledford,
M. Stapleton, Catron, Robbins, K.
Mullins, M. Vinzant, DHO J. Brown; Bo-
wman and Parker (Medical Staff), Lt.
Taylor, DEFENDANTS.

Civi No. 20-CV-00695

MEMORANDUM OF FACTS IN RE AMENDMENT

Motion To Amend Complaint, pursuant to
Fed. Rules of Civil Procedures, R. 15(a).

This Court has jurisdiction under
28 USC §1331.

        Pursuant to Federal Rules of Civil Procedure, Rule 15(a), Plain-
tiff amend his complaint under the Bivens Act, codified at
28 U.S.C. §1331, wherein he sues the below-noted defendants for
damages, in violation of Constitutional laws, U.S. statutes, codes.
Defendants: 1/2. Lt. M. Childers & Lt. J. Nichols @ United States Penitentiary-Lee, VA 24263
Claims for Relief: Termination of Employment/Criminal Prosecution
Claim for Damages/Money: #52,00.⁰⁰ each (#104,000.⁰⁰)
Violations of Law(s): (i) 8ᵗʰ Amendment to U.S. Constitution (Cruel and Unusual Punish-
ment); Assault; Misprison of a Felony; Perjury of Oath; Subordination of Perjury;
Falsification of Documentation; Use of Force And Application of Restraints; and
Standards of Employee Conduct.
Statements of Facts: On/about July 13, 2019, I was ordered to the Lieuten-
ant's Office, allegedly, for refusal of physical test (fabricated by
Medical Personnell Parker) which was the result of an incident
report. After serving me (Plaintiff) said incident report, both
Lieutenant's M. Childers and J. Nichols began to address me
in a manner that was ethnically offensive in dialogue that was

1 of 17

"Slave master's" surname deliberately placed in place of my birthname or inmate. I attempted to offset this situation, which, I was to discover later was, in retaliatory fashion, "engineered"/"manufactured" (do to my bringing attention to actions of staff at K.S.P. Lee), but was told "It's a little too late. You're 'bout to become another reason for Black Lives Matter to cry out" by Lt. J. Nichols. Lt. M. Childers gave a subtle head-nod to Officer J. Dickenson (the officer that escorted Plaintiff to Lt.'s office), who lunged himself at my neck, encircling it with his arms, choking Plaintiff and dragging him to the ground, as Lt.'s M. Childers and J. Nichols punched, kicked, and bent/pulled/twisted/jerked my arms/legs in a fashion designed to break limbs. Plaintiff was choked unconscious by J. Dickenson and when he came to there were multiple staff assaulting him "lynching-style"; yelling and screaming racial slurs while he was handcuff (rearward) and shackled. [In this din was Officers Robbins, M. Stapleton, M. Bledsoe, Catton to my knowledge.] I was aggressively and violently picked up off the floor via shackles and handcuffs and slammed down into a restraint-styled wheelchair and rear-wheeled to Special Housing Unit (SHU) while my head was forced down toward my crotch as my necked were being squeezed to cut-off air circulation while a wall of officers surrounded me (to block camera footage) issuing punches and elbows about my face/head/chest.

Inside a SHU holding cell the assault continued as Plaintiff's clothing were cut-off or violently ripped off and ambulatory restraints applied to Plaintiff's person (for approximately 19½ hrs.), with Medical Personnell Parker's periodic participation every 4 Hrs; or Medical Personnell

Bowman, belly chain, handcuffs, shackles without medically intervening, and consequently, fabricating Health Services Restraint Review Form (BP-S0719-055) to reflect "normal" conditions for his medical assessments. This began 7/13/2019 to 7/14/2019 @ approximately 10:30AM (Saturday 7/13/19) to approximately 3:45PM (Sunday 7/14/19) the following day.

Lt.'s M. Childers, Lt. J. Nichols both falsified Use of Force Report Forms (BP-E583) and Two-Hour Lieutenant Restraint Check Form (BP-S0718-055) to reflect "disruptive" behavior to justify their continued assault upon Plaintiff's person for 19½ plus hours, in violation the 8th Amendment's Cruel and Unusual Punishment laws to the U.S. Constitution, Misprison of a Felony, Assault, Falsification of Documents, Perjury of Oath, Subordination of Perjury, Use of Force and Application of Ambulatory Restraints, Retaliation statutes/laws, and Standards of Employee Conduct.

Defendant No. 3: Officer J. Dickenson @ U.S.P. Lee, VA 24263
<u>Claims for Relief:</u> Termination of Employment/Criminal Prosecution
<u>Claim for Damages:</u> $52,000.00
<u>Violations of Law(s):</u> Cruel and Unusual Punishment of 8th Amendment to U.S. Constitution; Assault; Falsification of Documents; Perjury of Oath; Subordination of Perjury; Retaliation laws; Misprison of a Felony; Use of Force and Application of Restraints; and, Standards of Employee Conduct.

<u>Statement of Facts:</u> On/about July 13, 2019 @ approximately 10:30 AM, I was met on side-walk from I-Unit, per order to the Lieutenant's Office, by Officer J. Dickenson (Plaintiff's escort to said location). Inside Lieutenant's Office, at the "head-nod" signal from Lt. M. Childers, this officer lunged himself at Plaintiff's neck and choked until Plaintiff loss consciousness. This same officer, falsified an incident rep

3 of 12

ort (extra-judicial order 704(16)) for "assault on staff" to justify his/their retaliating assault on Plaintiff as a result of Plaintiff filing complaint with government agencies demanding their investigation and intervention of crimes at U.S.P. Lee.

Defendant No. 4: Officer Catron @ U.S.P. Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

Claim for Damages/Money: $52,000.⁰⁰

Violations of Law(s): Assault; Cruel and Unusual Punishment to U.S. Constitution's 8th Amendment; Perjury of Oath; Subordination of Perjury; Misprison of a Felony; and, Standards of Employee Conduct.

Statement of Facts: On/about July 13, 2019, at approximately 10:30 AM, Officer Catron delivered multiple blows to Plaintiff's head with elbow of hand he used to assist in wheeling Plaintiff to SHU... the elbow of his left arm. This assault was done within the "human wall" of staff — a tactic to shield their actions from corridor cameras — surrounding Plaintiff.

Assaulting any person is a violation of U.S. statues; a violation of Oath of Office in form of "perjury of oath" by NOT upholding contractual obligations (standard form 61/Appointment Affidavit), a violation "subordination of perjury" by FAILING TO REPORT CRIME is guilty of "misprison of a felony" (assault, directly or indirectly); a violation of "cruel and unusual punishment when he participated in the infliction of such harsh conditions upon Plaintiff; a violation of "standards of employee conduct" via ALL above-mention violations.

Defendant No. 5: Officer M. Stapleton, USP Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.⁰⁰

Violations of Law(s): 8th Amendment; Assault; Perjury of Oath; Subordination

4 of 17

of Perjury, in presence of a Lieutenant, standards of Employee Conduct.

Statement of Facts: On/about July 13, 2019, at approximately 10:30 AM, Officer M. Stapleton assaulted Plaintiff in the form of yanking on leg restraints applied by him while in the 'inner-office' of Lieutenant's office, and stomping on his knees, making them smack against the concrete floor repeatedly, yelling racial slur as he did so.

His action against Plaintiff were a clear subjection to cruel and unusual punishment, assault, perjury of oath in the form of failure to uphold/perform contractual obligations per "oath of office" (Standard Form 6/Appointment Affidavit), which automatically results in the violation of "subordination of perjury", as Officer M. Stapleton in consort with fellow employees encouraged/procured each other to commit above-noted crimes, and to give false debriefing, as it relates to use of force upon Plaintiff. This behavior is outside the guidelines of standards of employee conduct.

Defendant No. 6: Officer J. Price, USP Lee, VA 24865

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages: $52,000.00

Statement of Facts: On/about July 13, 2019, at approximately 10:30 AM, Officer J. Price, while inside of SHU holding cell, strapped to a "restraint-style" wheel chair, forced Plaintiff's head down toward his crotch while squeezing his neck to prevent air circulation.

This subjection resulted in cruel and unusual punishment by assaulting Plaintiff in method described above, and is a "perjury of oath (failure to uphold/perform contractual obligations), and by providing false debriefing in re "use of force" manufactured

5 of 17

against Plaintiff and, by this, commiting the crime of "subordination of perjury", "misprison of a felony" when his debriefing helped to conceal above-noted violations, thereby, in violation of "standards of employee conduct" policy(s).

Defendant No. 7: Officer Robbins, WSP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.⁰⁰

Violations of Law(s): 8th Amendment; Assault; Perjury of Oath; Subordination of Perjury; Misprison of a felony; Standards of Employee Conduct

Statement of Facts: On/about July 13, 2019, at approximately 10:30AM, during several "two-hour lientenant restraint checks", while Plaintiff was in ambulatory restraints, in a SHU holding cell, Officer Robbins would come in with a protective shield and smash it against Plaintiff's back to smash him against the wall while he was made to kneel, after the shield is first slammed down into the rear of Plaintiff's knees.

These actions are a subjection of "cruel and unusual punishment" in the form of assault, and, by this, a "perjury of oath" (failure to uphold/perform contractual obligations); and by providing false debriefing in re "use of force" against Plaintiff, is a commission of "subordination of oath" and "misprison of a felony", where, debriefing falsely helped to conceal crimes of himself/fellow officers, in violation of "standards of employee conduct" policies.

Defendant No. 8: Officer M. Bledsoe, WSP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.⁰⁰

Violations of Law(s): 8th Amendment; Assault; Perjury of Oath; Subordination of Perjury; Misprison of a felony; and, Standards of Employee Conduct

Statement of Facts: On/about July 13, 2019, @ approximately 10:30AM,

6 of 17

Officer M. [illegible] while [illegible] and while Plaintiff was in ambulatory restraints, repeated yanked on the belly chains and smash protective shield against him so that he slammed into wall. Plaintiff was made to kneel before each time staff entered the room for restraint check.

This is a subjection to cruel and unusual punishment, to assault and torture prisoners, in violation of "perjury of oath" (failure to uphold/perform obligations of contract); a violation of "subordination of oath" and "misprison of a felony", by, as to "use of force" upon Plaintiff, debrief ing falsely to conceal his/fellow employees crimes, which also violates "standards of employee conduct" policies.

Defendant No. 9: Officer M. Gingerich, USP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.00

Violations of Law(s): Cruel and Unusual Punishment; Assault; Perjury of Oath; Subordination of Oath; Misprison of a Felony; and, Standards of Employee Conduct.

Statement of Facts: On/about July 13, 2019, at 10:30AM, Officer M. Gingerich, while conducting restraint check in the SHU holding cell, and while Plaintiff were in ambulatory restraints, slammed protective shield down onto the rear of Plaintiff's knees, as he kneeled, multiple times.

The officers actions amounted to assault and cruel and unusual punishment, perjury of oath (contractual obligations default), subordination of perjury, misprison of a felony, where, as to "use of force", he provided false debriefing on his/fellow employees part to conceals their crimes, in violation of standards of employee conduct.

Defendant No. 10: Officer Ledford, USP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution.

Claims for Damages/Money: $52,000.00

7 of 17

Violations

Statement of Facts: On/about July 13, 2019, at approximately 10:30 AM, while Plaintiff were in ambulatory restraints in SHU holding cell, Officer Leford inflicted exact same cruelties on Plaintiff as did Defendant No. 9, but he scream "Hail Hitler" and "88" as he did so.

Defendant No. 11: Lt. S. LaVale, USP Lee, VA 24263

Claims for Relief: Terminate Employment/Criminal Prosecution

Claims for Damages/Money: $52,000.⁰⁰

Violations of Law(s): Cruel and Unusual Punishment; Assault; Perjury of Oath; Subordination of Perjury; Misprison of a Felony; and, Standards of Employee Conduct.

Statement of Facts: On/about July 13, 2019, at approximately 2:00PM Lt. S. LaVale entered SHU holding cell for restraint check and ordered handrestraints, belly chain, and shackles to be tightened, as he repeatedly slapped Plaintiff across the face. At one point Lt. S. LaVale stated: "I've got so much love for the goodfolk of Jonesville, Virginia. They truly know how welcome whitemen, so much different from the spineless whites at USP Coleman, letting Koons run amuk."

Lt. S. LaVale's actions violated cruel and unusual punishment in form of assault; and he failed to uphold/perform contractual obligations, therefore, in violation of perjury of oath, subordination of perjury and misprison of a felony, as to falsely debriefing in relation to manufactured use of force against Plaintiff to conceal his/felow employee's crimes, which failed to adhere to standards of employee conduct.

Defendant No. 12: Lt. Taylor, USP Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

8 of 12

Claims for Violations of Law(s): Cruel and Unusual Punishment; Assault; Perjury of Oath; Subordination of Perjury; Misprision of a Felony; and, Standards of Employee Conduct.

Statement of Facts: On/about July 13 (going into July 14, between 10:30PM-12:30AM), 2019, Lt. Taylor entered the hard cell for restraint check. He began to question me as to "why I am I recieving reports from Lt. J. Bellemy that you're a paper pusher? That you're were on the telephone reporting assault by staff and for your family to call Regional/central offices because you fear for your life? Look where all that complaint-filing and calling around got your black ass." (The call this staff member were refering to was back in March of 2019 where Plaintiff called/reported to his sister the racially-motivated assaults/inhumane conditions inmates of color are subjected to; and complaint filers of all race(s)). I informed Lt. Taylor that the ambulatory restraints have been tightened on almost every restraint check, to the point of uncomfortability in breathing and movement. At this, Lt. Taylor checked restraints to find no slack and stated "I'd tighten 'em up some more if I had any more room to because animals and paper-pushers deserve to be chained up in a cage." I Also informed said Lt. I've been in hard cell without a mattress, toilet/sink, water/food for more than 11 hours—he arranged for a mattress/paper sheets to be brought to hard cell after I told him camera supports my claim.

These actions of Lt. Taylor clearly established a cruel and unusual punishment, as he perpetuated the assault/inhumane conditions against Plaintiff of his co-workers, thereby, failing to uphold/perform contractual obligations in the form of perjury of oath, subordination of Perjury, Misprision of a Felony,

9 of 17

and, standards of employee conduct.

Defendant No. 13: Nurse Parker, USP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.⁰⁰

Violations of Law(s): Cruel and Unusual Punishment; Aiding Assault; Negligence in the Scope of Employment for Bureau of Prisons; Perjury of Oath; Subordination of Perjury; Falsifications of Documents; and, Standards of Employee conduct

Statement of Facts: On/about July 13, 2019, @ approximately 10:30 AM, Nurse Parker, in cahoots with above-defendants, and during his restraint review/assessment of Plaintiff's medical condition, entered hard cell and began pulling on handrestraints, belly chain, and shackles to inflict pain (until Plaintiff hollered) while asking "How's that feel, boy? You wanted help. Now you've got It. Gonna write for help again, boy?"

Nurse Parker, in retaliatory fashion, aiding the assault, subjected Plaintiff to cruel and unusual punishment. His statements/actions made it clear that he falsified incident report (I.R. #3278715) in order to have Plaintiff summon to the Lieutenant's office, under guise of being served an incident report (refusal to test/exam), where there were no cameras, to be assaulted, because, do to the phonecall reporting staff assaults on inmates (March 2019). He was "negligent in his scope of employment for the Bureau of Prisons" when he aided/assaulted Plaintiff, whereby, failing to uphold/perform contractual obligations, which directly perjurs his oath, is a subordination of perjury to help perpetrate crime concealing, and is misprison of a felony to do so. In violation of standards of employee conduct.

Defendant No. 14: Nurse Bowman, USP Lee, VA 24863

Claims for Relief: Employment Termination/Criminal Prosecution

10 of 12

Claims for Damages/Money: $_____.00

Violations of Law(s): Cruel and Unusual Punishment; Aiding Assault; Perjury of Oath; Subordination of Perjury; Negligence in the Scope of Employment for Bureau of Prisons; Falsification of Documents; and, Standards of Employee Conduct.

Statement of Facts: Nurse Bowman, on/about July 13, 2019, @ approximately 10:30 AM, during restraint check while Plaintiff was in Hard cell, on occasions different others, stood by observing the inhumane-cruel subjection of Plaintiff — choking, elbowing, punching, knuckling, kneeing, jerking of restraints, and the racially verbal assault — without intervening; but "pretended" to assess Plaintiff's medical condition, never advising staff to "loosen" too-tight restraints, which were tightened during every restraint check. Nurse Bowman would then, as it relates to Health Services Restraint Review form (BP-S0719.055), make false entries to conceal actions of co-workers and Plaintiff's medical conditions.

This is observation alone is directl conflict with negligence in the scope of employment for BOP, and by making false entries of health assessment substantiates Bowman's willfulness in aiding this assault on Plaintiff, conceal actions of co-workers which is misprison of a felony, subordination of perjury, and a direct violation of Perjury of oath (failure to uphold/perform contractual obligations), and standards of employee conduct policies, all in violation of cruel and unusual punishment.

Defendant No. 15: Officer M. Vinzant, USP Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.00

Violations of Law(s): Unlawful Seizure of Property; Falsification of Documents; Perjury of Oath; Subordination of Perjury; and, Standards of Employee Conduct.

11 of 17

Statement of Facts: On July 22, 2020 at approximately 9:00AM, during his inventory of Plaintiff's private personal property destroyed ALL his legal court documents, while Plaintiff was being held in a holding cell in the lieutenant's office in relation to Incident Report No. 3420290 which falsified. M. Vinzant falsified Inmate Personal Property Record Form (BP-

) at the direction of Lieutenant's J. Bellemy and J. Nichols, who were both on shift at the time—Lt. J. Bellemy has already directed then-5th Property Officer N. Stapleton to destroy ALL of my legal court documents and other personal property in March of 2019. Officer M. Vinzant fabricated allege statement that Plaintiff admitted ownership of allege drugs when Plaintiff's then-cellmate (Genesis White #_018), who also recieved an incident report for possessing drugs, advised the officer that he asked Plaintiff to "grab a paper with phone numbers off the table and hand it to him" (Genesis White #_018) (which he signed an Affidavit of Truth attesting to this fact), to no avail. Officer M. Vinzant also falsified Inmate Personal Property Record Form (BP-        ) to reflect less than what Plaintiff actually possessed.

This is a unlawful seizure personal property under constitution, false entries of record(s) under U.S. statutes, and, therefore, a perjury of oath, as well as subordination of perjury where defendant acted on directions from superiors to commit a crime, and defy the standards of employee conduct policies.

Defendant No. 16: Unit Manager R. Mullins, USP Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.00

Violations of Law(s): Due Process; Right to Petition Government for Redress of Grievance; Falsification of Documents; Perjury of Oath; Subordination of Perjury, and, Standards of Employee Conduct

Statement of Facts: On/about July        2020, during/at Unit Disc-

12 of 17

iplinary committee (UDC) did not include Plaintiff's witness (Genesis White #_018), (2) arbitrarily did not include witness' (Genesis White #_018) Affidavit of Truth in Plaintiff's DHO packet, which Genesis White's Affidavit of Truth was signed by him to exonerate Plaintiff of incident report/sanction/placement of SHU. (See then-cellmate's DHO packet, Aug. 5, 2020) [Plaintiff attempted an Administrative Remedy (Remedy ID 104940-R1), improvised on notebook paper because Unit Manager R. Mullins refused providing the proper BP-10 form, to prevent Plaintiff's success in exposing his actions, and getting report expunged.]; and, (3) failed to, per Plaintiff's numerous requests, obtain copy of said Affidavit for purpose of Plaintiff's administrative remedy process, purposefully doing so to impede Plaintiff's right to petition government for a redress of grievance, falsified "Witness"/"documentary evidence" Due Process guarantee(s) at the UDC proceeding, therefore, perjuring his oath (failing to uphold/perform contractual obligations), while in league with M. Vinzant and Lt.s J. Bellemy and J. Nichols, acted in subordination of Perjury, in violation of standards of employee conduct.

Defendant No. 17: Disciplinary Hearing Officer J. Brown, USP Lee, VA 24263

Claims for Relief: Employment Termination/Criminal Prosecution

Claims for Damages/Money: $52,000.00

Violations of Law(s): Due Process Clause; Inmate Discipline and Special Housing Unit; Perjury of Oath; Subordination of Perjury; and, Standards of Employee Conduct.

Statement of Facts: On/about August 5, 2020, DHO J. Brown, disregarded/failed to adhere to the Inmate disciplinary policies, as it relates to "documentary evidence," when he falsified Disciplinary Hearing Officer Report (BP-A0304) to omit Plaintiff's witness' Affidavit of Truth (Genesis White #_018) on beh-

13 of 17

alf of Plaintiff and had informed him of his violation of Plaintiff's due process rights. On this same day, during the disciplinary hearing cell-mate/witness Genesis Whitett-018 advised DHO J.Brown that he not only signed a written affidavit on Plaintiff's behalf, but had also advised UIC R.Mullins that he was a witness on behalf of Plaintiff. DHO J.Brown dishonored his contractual obligations of duty by failing to adhere to governing policy of DHO proceedings/procedures.

This is a direct violation of Due Process clause in relation to the disciplinary proceedings, inmate discipline and special housing unit policy, which automatically violates perjury of his oath, and subordination of perjury by his participation in R.Mullins, M.Vinzant's engineered retaliation against Plaintiff, therefore, in violation of standards of employee conduct.

Plaintiff is suing the above-named defendants in both their personal and individual compacities for the actions set forth in this complaint which violated U.S. constitution, statuetes, and policies (of Bureau of Prisons).

It should be noted that Plaintiff attempted to formally exhaust administrative remedies as to the issues above, but the administrative remedy process, obviously, was impeded, as the actions taken against Plaintiff was for this very reason—his filing Public Notice and Lawful Protest(s) with government bodies politics as it relates to crimes committed by staff.

Pursuant to 5 U.S.C. § 556(d)/§557 ("Proof of claim") and Federal of Civil Procedures, Rule 8(d), defendants are obligated to answer — because failure to do so establishes agreement — chronologically, categorically point-for-

14 of 17

point at which material rendered therefrom... the matter is settled res judicata.

JUDICIAL NOTICE:

Plaintiff avers, and judicially notifies this court, that he began to experience harrassment and retaliation from staff, in conspiritorial fashion (i.e., a "Buddy System"), back in March 13th or 15th of 2019 when he and then cell-mate (Jarvis Ward # ___) protested being assigned/placed in an inoperative cell (SHU: C-151 or 152) to Officers M. Sloan, K. Cambell, Gilbert, Case Manager Osteen (in officer compacity), M. Gingerich, a J. Smallwood, I think, and Lt. B. Parsons... who cell-rotated Plaintiff and cellmate to a cell with a continuously running shower, the stream therefrom colliding with the combined March weather and air condition caused condensation to build, driping from both cell cieling and walls to puddle on cell floor, Plaintiff and cellmate resulting to stoping officers during rounds demanding to see a SHU lieutenant, and Kicked on doors, blocked food port (resulting in incident report # 3235548) to no avail; and Officers M. Sloan, K. Cambell and others appeared at cell door and order Plaintiff and cellmate to submit to hand restraints (complied to), and removed us from cell to enter it and manufacture evidence of Plaintiff/cellmate flooded cell purposely. We were placed in alternative clothing, written incident reports (I.R. # 3266858) for destroying government property which I admitted to because then-cellmate (Jarvis Ward # ___) were routing for disignation for medium (F.C.I.) security facility (where he is now), in order to have him get out of SHU to contact my family with notification of conditions of confinement. Before ordering us to return to cell, with a Promise to email

15 of 17

maintenance for light fixture, the very next day, I asked Lt. B. Parsons to view camera footage of cell to see that no "fishing line" (a form of transportation used to ship/recieve items beneath cell door) ever left Plaintiff's cell and that incident report had been falsified, to no avail. The following day Plaintiff/cell-mate were on rec yard while cell shower was being repaired when Lt. J. Bellemy (standing in front of rec cage with other staff) informed Plaintiff that "That will get your property trashed, your ass kicked, and put in ambulatory restraints", in reference to our act-ions the previous night. But in all actuality, Lt. J. Bellemy had already instruct either I-Unit Officers L. Hornsby and Corbin (the officers stationed in Plaintiff's assigned housing who invent-oried his inmate personal property) or SHU Property Officer N. Stapleton to destroy Plaintiff's personal propert. As to the inoperative cell, Plaintiff directed sister during a phonecall that above-noted staff had threatened him, he feared for his life, to contact Mid-Atlantic Regional Office, USP Lee. and F.B.O.P. and make them aware of conditions/racism/assaults on 3/26/19 @ approximately 7:30PM; and on 3/28/19 I was escorted into Lt. J. Bellemy's office to be "warned" about such calls with threats of violent torture, between 9:00-9:40 AM / 3/28/19.

Plaintiff began writing different government agencies notifying them of the crimes of the above-noted staff, in the form of "Public Notice and Lawful Protests" to:                                    1

i) Susan A. Richardson, Legal Investigator, 201 Abingdon Place, Abi-ngdon, VA 24211; 2) Scott A. White, Insurance Commissioner, P.O. Box 1157, Richmond, VA. 23216-1157; 3) Corey R. Amundson,

16 of 17

Office of the Responsibility of Leadership, GTH, Pennsylvania Ave., N.W., Washington, D.C. 80534-0001; 4) Office of the Inspector General U.S. Dept. of Justice, Investigations Division, 1425 New York Ave, N.W., Ste 7100, Washington, D.C. 20530; 5) Mid-Atlantic Regional Office, F.B.O.P., 302 Sentinel Drive, Annapolis Junction, MD 20701; 6) Office of U.S. Attorney General for the District of Columbia, Judiciary Building, 555 Fourth Street, N.W., Washington, D.C. 20001; and, 7) Congresswoman Eleanor Holmes Norton, District Office, 2235 Shannon Place, S.E., Suite 2032 A, Washington, D.C. 20020... for himself as well as the following inmates:

1) Joseph Jackson #33186-007; 2) Donta Haynes #57006-018; 3) Dominic Kerr #10407-104; 4) Thomas J. Smith 14998-045; 5) Daquian Nicholson #57174-056; and, these inmates have also been assaulted/subjected to cruel and unusual punishment: 6) Said Fooley #77994-083; 7) Gerard Graves #68483-018; 8) Michael Modisett #08549-010 (Civil Case #20-cv-00577-EKD-JCH); and, 9) Todd Knutson #21160-041 (Civil Case #20-cv-00455-MFU-JCH) (as well as Antonio Bishop).

[NOTE: As a result of the July 13, 2020 assault Plaintiff were X-ray (Knees) in August of 2020, was rescheduled in September of 2020 but never made it do to institutional lockdown]

I, Plaintiff Antonio-LaShaun Cruz, pro se, do aver/swear under penalty of perjury, 28 U.S.C. §1746, that the above-noted statements are Factual/True and that this Complaint (17 Pages total) were maild to Clerk of the Court, U.S. District Court, 210 Franklin Road, Room 540, Roanoke, VA 24011 on July 19, 2021, via Institutional Mailroom "Special-Legal Mail".

Antonio-LaShaun Cruz

17 of 17



ANTONIO LASHAWN CRUZ
#57376-004
UNITED STATES PENITENTIARY
P.O. BOX 1002
THOMSON, IL 61285

CLE
UNITE
210
ROA

SUBMITTED FOR MAILING: 7/19/21

"SPECIAL-LEGAL MAIL"

28 C.F.R. § 540.18



ERK OF THE COURT
D STATES DISTRICT COURT
FRANKLIN RD., ROOM 540
NOKE, VA. 24011